F. A. FETTER v. C. R. BOONE.

(Filed 21 March, 1928.)

APPEAL by defendant from *Sinclair, J.,* at Second October Term, 1927, of WAKE. No error.

There were two issues:

1. Is defendant, Boone, indebted to plaintiff, Fetter? Answer: Yes.
2. If so, in what amount? Answer: Whole amount—$193.48.

Judgment for plaintiff; appeal by defendant.

*J. C. Little for plaintiff.*
*Briggs & West for defendant.*

PER CURIAM. The plaintiff was the district agent of the Jefferson Standard Life Insurance Company, and through him the defendant applied to the company for a loan of about $60,000 to be secured by a mortgage on a store building situated on Fayetteville Street in the city of Raleigh. The Metropolitan Life Insurance Company held a first mortgage on the property and the loan by the Jefferson Company was dependent upon the defendant's success in canceling the first lien.

Upon assurance that the outstanding mortgage would be taken up the Jefferson Company issued the policies and sent them to the plaintiff, who testified in part as follows: "There seemed to be some trouble about getting the Metropolitan loan canceled, but, in the meantime, Mr. Boone stated that he was sure the Metropolitan loan could be paid up and instructed the attorney to proceed to examine the title. Judge Harris examined the title and Mr. Boone paid him the fee for doing so. When I talked to Mr. Boone about the policies he said he was having trouble in getting the Metropolitan loan canceled, and I saw Mr. Drake myself. Mr. Drake said that he thought the matter could be arranged satisfactorily, and as he had to go to New York he would handle the matter personally. I kept in touch with Mr. Boone almost daily and advised him that if the policies were held longer there would be some expense attached to it, and Mr. Boone requested me to hold the policies, and stated that he would pay the expense, as he expected to go to New York himself and take the Metropolitan matter up with that company personally. The expense was $183.48 for the cancellation charge and $10 medical examination fees. I paid this expense to the company, and this is what Mr. Boone agreed to pay me."

The defendant's evidence was inconsistent with that of the plaintiff, and the controversy was submitted to the jury.

The exceptions present the sole question whether the action should have been dismissed as in case of nonsuit. The plaintiff's evidence, which cannot be disregarded, is manifestly sufficient to sustain the verdict.

No error.